UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **HIPOLITO GEROMINO (JERRY) PEREZ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 08-CV-0533-CVE-FHM |
| ) | |
| **ST. JOHN MEDICAL CENTER AND THE** ) | |
| **CARPENTERS LOCAL UNION #943, TULSA,** ) | |
| **OKLAHOMA OF ARKANSAS REGIONAL** ) | |
| **COUNCIL OF CARPENTERS OF UNITED** ) | |
| **BROTHERHOOD OF CARPENTERS AND** ) | |
| **JOINERS OF AMERICA,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's Motion to Amend Complaint (Dkt. # 24). Plaintiff requests leave to amend his complaint to allege a claim of retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended, et seq. (Title VII). Defendants oppose plaintiff's motion on the ground that plaintiff's delay in seeking leave to amend has prejudiced them.

### I.

Plaintiff, a hispanic male, states that he was a carpenter and belonged to The Carpenters Local Union # 943, Tulsa, Oklahoma of Arkansas Regional Council of Carpenters of United Brotherhood of Carpenters and Joiners of America (The Union). He claims that he was employed by St. John Medical Center (St. John) as a temporary carpenter on certain construction projects but, in his complaint, he treats both St. John and the Union as his employer. Dkt. # 2, at 1-2. Plaintiff alleges that he was laid off on September 2, 2007, and he was informed that his layoff was part of a reduction in force due to economic conditions. Id. at 2. However, he claims that defendants have subsequently filled his position with a less qualified white male. Plaintiff also claims that

defendants have "refused to recall from layoff or re-employ" him since he was laid off on September 2, 2007. Id.

Plaintiff states that he filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging that his employer(s) discriminated against him due to his race or national origin. Dkt. # 2, at 2-3. He claims that he received a right to sue letter from the EEOC and filed this lawsuit within 90 days of receiving the letter. Id. at 3. On September 12, 2008, plaintiff filed a complaint alleging claims of race or national origin discrimination under Title VII (Count 1), race discrimination under 42 U.S.C. § 1981 (Count 2), wrongful termination in violation of Oklahoma's public policy (Count 3) against both defendants, and a claim of tortious interference with contract (Count 4) against the Union. The parties filed a joint status report on December 22, 2008. Dkt. # 21. In the joint status report, plaintiff stated that he intended to amend his complaint to assert a retaliation claim against defendants, but the EEOC was still investigating his allegations. Id. at 1 ("Plaintiff intends to amend his complaint alleging [sic] retaliation under Title VII because Plaintiff filed an EEOC charge. The EEOC is pursuing an investigation of the retaliation allegations."). The Court entered a scheduling order, inter alia, setting a March 30, 2009 deadline to file motions to amend or join parties, a discovery cutoff of April 27, 2009, and a jury trial date of August 17, 2009. Plaintiff filed a motion to amend on March 27, 2008 requesting leave to file an amended complaint adding a retaliation claim under Title VII. He stated that he received a right to sue letter from the EEOC on February 20, 2009 informing him that the EEOC's investigation of his allegations of retaliation was completed, and he could proceed with a retaliation claim against defendants.

## II.

Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006); Bradley v. Val-Mejias, 379 F.3d 892, 900 (10th Cir. 2004). "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance . . . the leave sought should, as the rules require, be 'freely given'" Foman v. Davis, 371 U.S. 178, 182 (1962). When considering delay as the basis to deny a motion to amend, a court must consider the length of the delay and the reason for the delay to determine if the moving party's actions constitute "undue" delay. Smith v. Aztec Well Servicing Co., 462 F.3d 1274, 1285 (10th Cir. 2006). A court may deny leave to amend "when the party filing the motion has no adequate explanation for the delay." Minter, 451 F.3d at 1206 (quoting Frank v. U.S. West, 3 F.3d 1357, 1365-66 (10th Cir. 1993)).

## III.

Plaintiff seeks leave to file an amended complaint asserting a retaliation claim under Title VII against defendants. Defendants oppose plaintiff's motion on the ground of delay, because plaintiff received a right to sue letter from the EEOC on February 20, 2009 but did file a motion to amend until March 27, 2009.[1] Dkt. # 29, at 3-4; Dkt. # 31, at 1-2. Defendants state that the discovery cutoff was April 27, 2009, and plaintiff's delay in requesting leave to amend prevented defendants from conducting discovery on his retaliation claim. Defendants argue that they will be

---

[1] Defendant St. John argues that plaintiff's retaliation claim is futile, but cites no factual or legal basis for this argument. Dkt.# 31, at 2. Therefore, the Court will not consider futility as a basis to deny plaintiff's motion to amend.

required to conduct additional discovery on plaintiff's retaliation claim and this will result in a continuance of the jury trial. Both defendants oppose any continuance of the jury trial set for August 17, 2009.

Plaintiff states that he did not include a retaliation claim in his original complaint because he had not exhausted his administrative remedies for this claim at the time the case was filed. This is an adequate explanation for any delay in filing a motion to amend, and defendants do not oppose plaintiff's motion to amend on the ground that his explanation is insufficient. Instead, defendants argue that plaintiff waited over a month after he received a right to sue letter on his retaliation claim before filing a motion to amend. Defendants acknowledge that plaintiff's motion to amend was filed within the deadline in the scheduling order for filing motions to amend pleadings, and they also concede that one month is not such a lengthy period of time that it would justify denial of plaintiff's motion on the basis of delay. Dkt. # 29, at 3; Dkt. # 31, at 1. Defendants' primary concern appears to be that they will be deprived of the opportunity to conduct discovery on plaintiff's retaliation claim unless the jury trial date is continued. However, a short continuance of the trial date does not constitute prejudice under Rule 15. See Minter, 451 F.3d at 1207-08 (defendant must show some prejudice to its ability to defend against proposed additional claims, not just delayed resolution of the lawsuit, when objecting to motion to amend based on delay). While defendants may suffer some inconvenience if plaintiff's motion is granted, plaintiff filed his motion within the deadline in the scheduling order and the entry of an amended scheduling order providing additional time for discovery will prevent any prejudice to defendants.

The Court finds that plaintiff has stated an adequate explanation for seeking leave to amend and he sought leave to amend in a timely manner. Specifically, plaintiff states that he exhausted his

4

administrative remedies for his retaliation claim against defendants and he filed a motion to amend within the deadline established by the scheduling order. Defendants' concerns about plaintiff's alleged delay are overstated and do not justify denial of plaintiff's motion to amend.[2] The discovery cutoff expired on April 27, 2009, and the parties will need to conduct discovery on plaintiff's retaliation claim. Therefore, the Court finds that plaintiff's motion to amend should be granted, and an amended scheduling order shall be entered.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Amend Complaint (Dkt. # 24) is **granted**. Plaintiff may file an amended complaint no later than **May 15, 2009**.

**IT IS FURTHER ORDERED** that an amended scheduling order will be entered forthwith.

**DATED** this 11th day of May, 2009.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] While plaintiff could have filed a motion to amend sooner, defendants could have expedited discovery on this claim and perhaps have kept the same trial date if they had consented to plaintiff's motion to amend. When plaintiff filed his motion to amend, the parties had approximately one month remaining to conduct discovery within the discovery cutoff, and they could have at least begun discovery on this claim. Plaintiff also notes that his deposition was set for April 14, 2009, and his retaliation claim could have been addressed at that time if his motion to amend were unopposed. Dkt. # 24, at 1.